UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JORDAN RIDDLE | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| | : _____ |
| TWELVE OAKS LANDSCAPING, INC. and DANIEL L. SWANSON | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Jordan Riddle files his Complaint against Defendants Twelve Oaks Landscaping, Inc. ("Twelve Oaks") and Daniel L. Swanson ("Swanson") (collectively "Defendants").

## NATURE OF THE ACTION

1.

This is an action to recover unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2.

Plaintiff Jordan Riddle is a resident of Cherokee County in the State of Georgia.

3.

Defendant Twelve Oaks Landscaping, Inc. is a corporation organized under the laws of Georgia, with its principal place of business at: 5047 East Cherokee Drive, Canton, Georgia, 30115. It can be served with summons and complaint upon its Registered Agent, Daniel L. Swanson, at this same address.

4.

Daniel L. Swanson is a resident of Cherokee County in the State of Georgia. He can be served with summons and complaint at 5047 East Cherokee Drive, Canton, Georgia, 30115.

## JURISDICTION AND VENUE

4.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court are proper under 28 U.S.C. §§'s 1331 and 1337, and 29 U.S.C. § 216.

5.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391and 29 U.S.C. § 216. Both Defendants reside and operate their business in this judicial district and division. In addition, the alleged unlawful acts against Plaintiff occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

6.

Defendants hired Plaintiff as a landscaping foreman on or about February 2016.

7.

As a foreman, Plaintiff did not meet any exemption from the overtime provisions of the FLSA, mainly because he was not paid a weekly salary.

8.

At all times, Plaintiff was paid a daily rate.

9.

If Plaintiff did not work a day, he was not paid. In other words, his pay was never guaranteed any salary for a week.

10.

Plaintiff was not paid on a "salary basis" within the meaning of the FLSA regulations because he did not regularly receive in each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

11.

He did not receive a full salary in any week without regard to the number of days or hours that he worked.

12.

Plaintiff and Defendants never had an understanding that he was guaranteed a weekly minimum salary amount.

13.

From approximately February 2016 until October 15, 2017, Plaintiff paid a daily rate of $145 per day worked.

14.

From approximately October 16, 2017 until December 31, 2018, Plaintiff was paid $215 per day worked.

15.

From approximately December 31, 2018 until July 19, 2019, Plaintiff was paid $225 per day.

16.

Plaintiff was required to clock in and clock out, and assumes that Defendants retained these time records.

17.

Plaintiff regularly worked at or around sixty hours per week for around twenty hours of overtime.

18.

Plaintiff regularly started his work at or around 6:00 a.m., Monday through Friday.

19.

The earliest Plaintiff would clock out was around 6:00 p.m.  The latest Plaintiff would clock out was around 8:00 p.m. Plaintiff usually clocked out at around 6:45 p.m.

20.

Defendants were aware that Plaintiff regularly worked more than forty hours per week.

21.

During his entire employment, Defendants never paid Plaintiff for one minute of overtime for the time he spent working past forty hours per week. Rather, no matter how many hours Plaintiff worked, Defendants only paid him his daily rate.

22.

Plaintiff and several other foreman complained on numerous occasions that they were never paid overtime.

23.

Swanson replied that he would continue to pay foreman in this manner because he has "never paid foreman overtime."

## COUNT ONE
## FAILURE TO PAY OVERTIME UNDER THE FLSA.

24.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth in this Paragraph.

25.

Plaintiff was an employee within the meaning of the FLSA.

26.

Plaintiff regularly worked over forty hours per week during his entire employment.

27.

Defendant Twelve Oaks is an employer within the meaning of the FLSA because it has annual revenue of $500,000 or more and engages in interstate commerce.

28.

Defendant Swanson is an employer within the meaning of the FLSA. because he is an owner and exercises control and authority over significant aspects of the company's day-to-day functions, including compensation of employees. He decided the rate of pay and whether to pay foreman overtime.

29.

Defendants violated the FLSA by failing to pay Plaintiff overtime for all hours worked above forty hours in a week.

30.

Defendants knew or should have known that such actions violate the FLSA, and they have not made a good faith effort to comply with the FLSA.

31.

Defendants knew or should have known that Plaintiff was not exempt from the overtime requirements of the FLSA, and they have not made a good faith effort to comply with the FLSA.

32.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff his overtime wages.

33.

As a result of Defendants' unlawful acts, Plaintiff is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded declaratory judgment that Defendants violated the FLSA;

c. That Plaintiff recover from Defendants his unpaid overtime;

d. That Plaintiff recover liquidated damages against Defendants;

e.	That Plaintiff recover attorney's fees and costs of litigation under the FLSA, and other applicable federal law;

f.	That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted this 29th day of November, 2019.

        T. Robert Reid, LLC

        <u>s/ Tilden Robert Reid, II</u>
        T. Robert Reid
        Ga. Bar No. 600138

        1030 Woodstock Road
        Suite 3112
        Roswell, Georgia  30075
        Telephone (678) 743-1064
        Facsimile (404) 549-4136
        robreidattorney@gmail.com

        Attorney for Plaintiff